IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINH BAO, ) | |
| ) | |
| Petitioner, ) | 4:05cv3021 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus case is before the court on the following pending matters: (1) filing no. 1, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Linh Bao; (2) filing no. 10, the petitioner's Motion for Summary Judgment; (3) filing no. 16, the respondent's Answer to the § 2254 petition; (4) filing no. 19, the petitioner's Reply to the respondent's Answer and the petitioner's reassertion of his Motion for Summary Judgment; and (5) filing no. 21, the petitioner's Motion for Judgment of Default in Matter Submitted for Summary Judgment. The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Lancaster County, Nebraska, of first-degree murder and use of a weapon to commit a felony.

The Nebraska Supreme Court has twice considered the petitioner's case. See State v. Bao, 640 N.W.2d 405 (Neb. 2002) (affirming the petitioner's convictions on direct appeal) and State v. Bao, 690 N.W.2d 618 (Neb. 2005) (affirming the denial of postconviction relief).

In his § 2254 petition, the petitioner raises the following claims:

1. The petitioner's trial attorney rendered ineffective assistance of counsel by failing to pursue a defense based on diminished mental capacity, by relying instead on a theory of self-defense, and by failing to obtain appropriate jury instructions regarding defense of others;

2. The petitioner's trial attorney rendered ineffective assistance of counsel by failing to secure a jury instruction properly advising the jury to consider the defense of alcohol intoxication when deciding the issues of intent, premeditation and deliberation; and

3-6. The petitioner suffered deprivations of his rights during his postconviction proceedings in the state district and appellate courts.

### Claims No. 3, 4, 5 and 6

Claims 3 through 6 do not provide a basis for federal habeas corpus relief. Those claims allege ineffective assistance of counsel during the petitioner's' postconviction proceedings as well as errors by the postconviction courts. However, claims relating to state postconviction proceedings are not cognizable in a federal habeas corpus action. 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (because there is no constitutional right to an attorney in state postconviction proceedings, a petitioner may not base a federal habeas corpus claim on a deprivation of effective assistance of counsel in state postconviction proceedings).

Similarly, other errors during state postconviction review are not cognizable in a federal habeas corpus proceeding. See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th

Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state post-conviction court to hold a hearing and provide written findings are not cognizable in federal habeas corpus action).

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state post-conviction] process are not cognizable in federal habeas proceedings"); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas

corpus relief"). Therefore, insofar as the petitioner seeks habeas corpus relief based on his § 2254 Claims No. 3, 4, 5 and 6, those claims must be dismissed.

### Claim No. 2

The petitioner's second claim, i.e., that his trial attorney rendered ineffective assistance by failing to secure a jury instruction directing the jury to consider intoxication when determining mens rea, is procedurally defaulted. As discussed in State v. Bao, 690 N.W.2d 618 (Neb. 2005), the petitioner raised the issue in his original, pro se motion for postconviction relief. Appointed counsel then deleted the claim in a second amended postconviction motion. The petitioner tried unsuccessfully to have the claim reinstated. On appeal from the denial of postconviction relief, he alleged error in the district court's refusal to consider the claim, and, in the alternative, he asserted ineffective assistance of postconviction counsel as cause to excuse any procedural default in failing to preserve the claim. Id. at 627-28.

Similarly, in the petitioner's pending Motions for Summary Judgment (filing nos. 10 and 19), he seeks a ruling that if his second § 2254 claim has been procedurally defaulted, the ineffective assistance of postconviction counsel constitutes cause to excuse such default.[1] However, for the same three reasons given by the Nebraska Supreme Court, the procedural default of the petitioner's second claim is not excused.

---

[1] If an unexhausted claim is procedurally defaulted, it is barred from federal habeas review unless the petitioner can show cause for and prejudice from the procedural failure or, in exceedingly rare cases, miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). See also Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003) (procedural default provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default).

First, as explained above and as noted in State v. Bao, 690 N.W.2d at 627, there exists no constitutional guarantee of effective assistance of counsel in postconviction proceedings. Therefore, a claim based on ineffective assistance of postconviction counsel does not warrant habeas corpus relief. Similarly, ineffective assistance of postconviction counsel does not excuse the procedural default of another habeas claim.

In addition, as the Nebraska Supreme Court pointed out in State v. Bao, 690 N.W.2d at 628: "The operative second amended motion for postconviction relief, which did not contain the jury instruction claims, was a verified motion signed by Bao. This fact compromises Bao's argument that postconviction counsel's purported failure to include the jury instruction claims was without Bao's permission or awareness."

Finally, the Nebraska Supreme Court further noted that the trial court had, in fact, provided a jury instruction on the issue of intoxication. See State v. Bao, 690 N.W.2d at 628: "[T]he jury in Bao's trial was given an intoxication instruction which stated, inter alia, 'You may consider evidence of alcohol use along with all the other evidence in deciding whether Linh Bao had the required intent.'" Id. Accordingly, for those same reasons, the petitioner's § 2254 Claim No. 2 will be dismissed.

## Claim No. 1

Because the Nebraska Supreme Court considered and decided the petitioner's first § 2254 claim on the merits, this court applies the deferential standard of review set forth in 28 U.S.C. § 2254(d), which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

5

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations on the merits. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

>Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

>First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

>Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable

6

> application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the petitioner's first § 2254 claim, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.  The court will require the parties to address those issues as set forth below.

THEREFORE, IT IS ORDERED:

1. That filing nos. 10 and 19, the petitioner's Motions for Summary Judgment, are denied;

2. That filing no. 21, the petitioner's Motion for Judgment of Default in Matter Submitted for Summary Judgment, is denied;

3. That the petitioner's § 2254 Claims No. 2, 3, 4, 5 and 6 are dismissed with prejudice for the reasons set forth in this Memorandum and Order;

4. That by August 31, 2005, the petitioner shall file a brief[2] in support of his remaining § 2254 claim, i.e., Claim No. 1, in light of the standard of review set forth in 28 U.S.C. § 2254(d);

5. That by September 30, 2005, the respondent shall file a brief in response to the petitioner's brief;

6. That by October 14, 2005, the petitioner may, but is not required to, file a reply brief; and

7. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the record and the briefs.

DATED this 26th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

---

[2] No particular format is required, and handwriting is acceptable if legible.